UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES ROURKE,<br><br>                             Plaintiff,<br><br>v.<br><br>UNITED STATES AIR FORCE, and<br>CENTRAL INTELLIGENCE AGENCY,<br><br>                             Defendants. | Civil Action No. 4:23-cv-40013-MRG |

**MEMORANDUM AND ORDER**

**GUZMAN, J.**

Plaintiff James Rourke ("Plaintiff" or "Rourke") brings this action against the United States Air Force ("USAF") and the Central Intelligence Agency ("CIA") (collectively, the "Defendants") pursuant to the Military Medical Malpractice Act ("MMMA"), 10 U.S.C. § 2733a, alleging he was subject to torture practices at the USAF SERE school located at the Fairchild Air Force Base, Washington in 1978. Pending before the Court is Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. Rule 12(b)(1). [ECF No. 12.] For the reasons stated below, the Court **GRANTS** the motion.

**I.  Factual Background**

On February 6, 2023, Plaintiff James Rourke, appearing *pro se*, filed his Complaint with this Court. [ECF No. 1]. Plaintiff alleges that he "was tortured by the Air Force and the CIA in Jan 1978 at the SERE School, Fairchild AFB." [Id. at 4]. Specifically, Plaintiff claims that Defendants engaged in "enhanced interrogation, electrical interrogation and waterboarding[.]"

1

[Id.]. These allegations relate to the prior denial of Plaintiff's administrative claim before the USAF.

Specifically, on January 29, 2020, Plaintiff filed a medical malpractice claim pursuant to the MMMA, alleging a human rights violation and medical malpractice by the Defendants in January 1978. [ECF No. 13-1 at 1-2]. On November 16, 2021, the USAF denied Plaintiff's claim, reasoning that the "claim is not cognizable under the [MMMA] because the events [Plaintiff] describe[d] while a trainee at the SERE school do not allege personal injury arising from medical malpractice by a DoD healthcare provider that occurred in a military medical treatment facility, as required under 32 CFR § 45.5(a)." [ECF No. 13-2 at 1]. Plaintiff subsequently appealed. And, on May 6, 2022, the Military Medical Malpractice Claims Appeals Board voted to adopt the USAF's decision to deny Plaintiff's claim. [ECF No. 13-3 at 1]. The decision explained that Plaintiff was required to show that "the medical care at issue was provided at a covered Military Treatment Facility." [Id.]. The Appeals Board further elaborated that Plaintiff "did not submit medical records, explain what medical treatment [he] allege was malpractice, or report the military medical treatment facility where the alleged malpractice took place." [Id.]. The final paragraph of the decision informed Plaintiff that "[i]n accordance with United States Code, Title 10, Section 2733a and Code of Federal Regulations, Title 32, Section 45.13, this letter is the Final Determination of the appeal." [Id.].

Defendants filed with the Court the pending Motion to Dismiss on May 22, 2024. [ECF No. 13].

## II. Legal Standard

"When a defendant moves to dismiss for lack of federal subject matter jurisdiction, [] 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'"

Johansen v. United States, 506 F.3d 65, 68 (1st Cir. 2007) (quoting Murphy v. United States, 45 F.3d 520, 522 (1st Cir.), cert. denied, 515 U.S. 1144 (1995)). "If the party fails to demonstrate a basis for jurisdiction, the district court must grant the motion to dismiss." Id. The district court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor" when ruling on a Rule 12(b)(1) motion. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin, 254 F.3d at 363). A plaintiff cannot assert a proper jurisdictional basis "merely on unsupported conclusions or interpretations of law" or "[s]ubjective characterizations or conclusory descriptions of a general scenario which could be dominated by unpleaded facts[.]" Murphy, 45 F.3d at 522 (citations omitted). In evaluating whether the party has met its burden of proof, the court "may consider extrinsic materials and, to the extent it engages in jurisdictional factfinding, is free to test the truthfulness of the plaintiff's allegations." Dynamic Image Techs., Inc. v. United States, 221 F.3d 34, 37 (1st Cir. 2000).

*Pro se* pleadings are held to less demanding standards than those drafted by lawyers and are construed liberally on a motion to dismiss. See Erickson v. Pardus, 551 U.S. 89. 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."). Nevertheless, even *pro se* plaintiffs must follow procedural rules, and dismissal is appropriate when the court lacks jurisdiction or when the complaint fails to suggest an actionable claim. Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001) (citing Lefebvre v. Comm'r Internal Rev., 830 F.2d 417, 419 (1st Cir. 1987)).

### III. Discussion

Defendants contend that dismissal is appropriate because Congress did not provide for judicial review of administrative claims filed under Military Medical Malpractice Act, 10 U.S.C.

3

§ 2733a ("MMMA"). The Court agrees. As Defendants explained in further detail, [see ECF No. 13 at 6-9], "[n]otwithstanding any other provisions of law, the settlement of a claim under … section 2733a … of this title is <u>final and conclusive</u>." 10 U.S.C. § 2735 (emphasis added)[1]. Moreover, the applicable regulatory framework reiterates that "[a]s provided in 10 U.S.C. § 2735, the adjudication and settlement of a claim under this part is <u>final and conclusive and not subject to review in any court</u>." 32 C.F.R. § 45.14(a) (emphasis added). Indeed, in <u>Rodrigue v. United States</u>, the First Circuit held that "Congress intended no other review." 968 F.2d 1430, 1434 (1st Cir. 1992). Accordingly, judicial review of a denial of a claim under the MMMA is barred in all cases, unless the plaintiff alleges a constitutional violation or that the agency exceeded the scope of its authority or violated a clear statutory mandate, none of which are alleged here. See, e.g., <u>Fisher v. Army Nat'l Guard</u>, No. 1:20-cv-01471-NONE-EPG, 2021 WL 5989798, at *19 (E.D. Cal. Dec. 17, 2021); <u>Larumbe v. Austin</u>, No. 22-01817 (RC), 2023 WL 7156529, at *3 (D.D.C. Oct. 31, 2023); <u>Duncan v. West</u>¸153 F.3d 719, *3 (4th Cir. 1998). In this action, while Plaintiff filed an administrative claim under the MMMA, this Court does not have subject matter jurisdiction to review the Military Medical Malpractice Claims Appeals Board's decision to deny the claim.[2]

---

[1] Under Title 10, the term "settle" means to "consider, ascertain, adjust, determine, and dispose of a claim, whether by full or partial allowance or by disallowance." 10 U.S.C. § 2731.

[2] Assuming the Court enjoyed subject matter jurisdiction to review the Military Medical Malpractice Claims Appeals Board's decision, Plaintiff's claim would be time-barred. The MMMA provides that "[a] claim may be allowed, settled, and paid under subsection (a) only if … the claim is presented to the Department in writing <u>within two years after the claim accrues</u>[.]" 10 U.S.C. § 2733a(b)(4). Applicable regulations provide an exception for claims filed during the calendar year 2020, requiring such claims to be filed "<u>within three years after the claim accrues</u>." 32 C.F.R. § 45.2(c)(2) (emphasis added). A claim accrues as of the latter of "(i) The date of the act or omission by a DoD health care provider that is the basis of the malpractice claim; or (ii) The date on which the claimant knew, or with the exercise of reasonable diligence should have known, of the injury and that malpractice was its possible cause." <u>Id.</u> § 45.2(c)(3). In the instant case, Plaintiff alleges that he was subject to torture practices in 1978. Nevertheless, because he filed his claim until January 2020, [see ECF No. 13-1], over three years since the authorized time period for filing claims, the claim must be time-barred.

## IV. Conclusion

In accordance with the foregoing, Defendants' motion to dismiss [ECF No. 13] is **GRANTED**.

**SO ORDERED.**

Dated: February 7, 2025

                                                 */s/ Margaret R. Guzman*
                                                 Margaret R. Guzman
                                                 United States District Judge